# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**SHANNON POLLINS,**

    **Plaintiff,**

                                **CASE NO.:**

**v.**

**NORTH FLORIDA BUILDING MAINTENANCE, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHANNON POLLINS, by and through undersigned counsel, brings this action against Defendant, NORTH FLORIDA BUILDING MAINTENANCE, LLC, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e *et seq.*

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Duval County, Florida.

## PARTIES

4. Plaintiff is a resident of Duval County, Florida.

5. Defendant operates a company in Jacksonville, in Duval County, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

7. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

## FACTS

11. Plaintiff was employed by Defendant from August 1, 2022 until on or around March 17, 2023 as a Night Manager.

12. Plaintiff performed the job for which he was hired in a satisfactory manner.

13. During Plaintiff's employment with Defendant, Plaintiff learned that a co-worker, Monroe, was sexually harassing Plaintiff's female co-worker ("Plaintiff's female co-worker").

14. Plaintiff's female co-worker, is a member of a protected class, due to her sex, and on account of her protected status, she benefits from the protections of Title VII and the FCRA.

15. Plaintiff's female co-worker was subjected to sexual harassment and sex discrimination, due to her sex.

16. In or around November 2022, Plaintiff engaged in protected activity under Title VII and the FCRA by reporting Monroe's sexual harassment of Plaintiff's female co-worker to Plaintiff's Supervisor, Patrick O'Brien.

17. Plaintiff further engaged in protected activity by complaining about the sexual harassment of Plaintiff's female co-worker to Defendant's Chief Executive Officer, Vice President, Senior Night Manager, and the head of Plaintiff's Department.

18. In response, Defendant informed Plaintiff that its Human Resources Department was launching an investigation.

19. However, ultimately, Defendant did not take remedial action, failing to take any action against Monroe.

20. In failing to take action against Monroe, Plaintiff's female co-worker was further subjected to disparate treatment due to her sex.

21. Roughly two days after Plaintiff reported the sexual harassment against his female co-worker, Defendant retaliated against Plaintiff by issuing write-ups against Plaintiff.

22. These write-ups, however, were for merely pretextual reasons.

23. In further retaliation against Plaintiff, Defendant informed Plaintiff that Plaintiff needed to be re-trained, despite Plaintiff having already completed training.

24. Plaintiff objected to this retaliation from Defendant.

25. In continued retaliation against Plaintiff, in or around late-November 2022, Defendant moved Plaintiff to a different location/team, and re-assigned Plaintiff's job duties, having Plaintiff's only job duty now be cleaning.

26. In re-assigning Plaintiff to a different team, Defendant essentially publicized Plaintiff's identity as the individual who complained of the sexual harassment, which subjected Plaintiff to significant hostility from co-workers.

27. Plaintiff continually objected to this retaliation from Defendant by complaining to Defendant about the ongoing retaliation.

28. However, Defendant failed to take remedial action.

29. Plaintiff still performed his new job duties in a satisfactory manner.

30. Instead, on or around March 17, 2023, after Plaintiff's continued objections to Defendant's retaliation against him and discrimination against his female co-worker, Defendant terminated Plaintiff's employment, offering entirely pretextual reasons for the termination.

## **COUNT I – TITLE VII RETALIATION**

31. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

32. Plaintiff's female co-worker is a member of a protected class under Title VII.

33. Plaintiff exercised or attempted to exercise his rights under Title VII by objecting to Defendant's sexual harassment and discrimination of Plaintiff's female co-worker, thereby engaging in protected activity under Title VII.

34. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by issuing him write-ups for pretextual reasons.

35. Plaintiff exercised or attempted to exercise his rights under Title VII by objecting to Defendant's retaliation against him, thereby engaging in protected activity under Title VII.

36. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating his employment for pretextual reasons.

37. Defendant's actions were willful and done with malice.

38. In or around March 2022, Defendant took material adverse action against Plaintiff.

39. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT II – FCRA RETALIATION

40. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

41. Plaintiff's female co-worker is a member of a protected class under the FCRA.

42. Plaintiff exercised or attempted to exercise his rights under the FCRA, by objecting to Defendant's sexual harassment and discrimination of Plaintiff's female co-worker, thereby engaging in protected activity under the FCRA.

43. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA, by issuing him write-ups for pretextual reasons.

44. Plaintiff exercised or attempted to exercise his rights under the FCRA, by objecting to Defendant's retaliation against him, thereby engaging in protected activity under the FCRA.

45. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA, by terminating his employment for pretextual reasons.

46. Defendant's actions were willful and done with malice.

47. By terminating Plaintiff, Defendant took material adverse action against Plaintiff.

48. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 22nd day of August, 2024.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar No: 37061
**HANNAH E. DeBELLA**
Florida Bar No: 1026002
**Wenzel Fenton Cabassa P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-337-7992
Facsimile No.: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
Attorneys for Plaintiff